**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2337
_____

JOHN R. MCCOOL,
　　　　　　　　Appellant

v.

SNYDER COUNTY; NORTHUMBERLAND COUNTY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-11-cv-01038)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2021
Before:  GREENAWAY, JR., KRAUSE and BIBAS, Circuit Judges

(Opinion filed: February 22, 2021)
_____

OPINION[*]
_____

PER CURIAM

　　John R. McCool appeals pro se from the District Court's order denying his motion

to reopen his 2011 civil rights action.  For the following reasons, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

I.

A.

We briefly summarize the procedural background relevant to this appeal. In 1981, while serving prison time in New York, McCool was charged with various offenses in Snyder and Northumberland Counties, Pennsylvania. Pursuant to the Interstate Agreement on Detainers Act ("IADA"), McCool was taken to Pennsylvania. He was first convicted in Snyder County of rape, kidnapping, and involuntary deviate sexual intercourse. He was then taken to Northumberland County and convicted of rape, kidnapping, unlawful restraint, involuntary deviate sexual intercourse, indecent assault, robbery, and related motor-vehicle offenses. He was sentenced to an aggregate term of thirty to sixty years. McCool was then returned to New York to serve the remainder of his sentence. In 1995, New York released him to the custody of the Pennsylvania Department of Corrections.

McCool has since brought numerous unsuccessful challenges to his Pennsylvania convictions, including at least six petitions pursuant to Pennsylvania's Post-Conviction Relief Act and four petitions pursuant to 28 U.S.C. § 2254. In these proceedings, McCool has repeatedly argued that his Pennsylvania convictions were obtained in violation of the IADA; courts have repeatedly rejected this argument.

B.

In 2011, McCool filed a civil rights complaint in the United States District Court

---

constitute binding precedent.

2

for the Middle District of Pennsylvania against Snyder and Northumberland Counties. He alleged that, on June 10, 1981, after he had been temporarily transferred into Pennsylvania custody, prosecutors in Snyder County unlawfully returned him to New York before his Pennsylvania trials were complete, in violation of the IADA's "No-Return Policy." Compl. ¶ 6 (emphasis omitted), ECF No. 1. He further alleged that, several years later, on October 4, 1988, prosecutors in Northumberland County requested temporary custody of him pursuant to the IADA, "ignoring the mandatory sanctions of the [IADA's] No-Return-Policy it violated in 1981." Id. ¶ 7. Lastly, McCool alleged that, on February 27, 1989, a New York court dismissed an involuntary commitment petition filed against him and dismissed Pennsylvania's "Commitment Detainers pursuant to the [IADA's] Dismissal Clause." Id. ¶ 8 (emphasis omitted). McCool claimed that the defendants' actions amounted to malicious prosecution and abuse of process, in violation of the Fifth and Fourteenth Amendments. He sought ten million dollars in damages.

The District Court dismissed the complaint. It concluded that: (1) McCool could not succeed on malicious-prosecution or abuse-of-process claims because his criminal cases had not been terminated in his favor, as required by Heck v. Humphrey, 512 U.S. 477, 483 (1994); (2) McCool's claims, which arose from state-court proceedings that took place between 1981 and 1989, were time-barred under the applicable statute of limitations; and (3) the claims were precluded under the doctrine of res judicata because they had been unsuccessfully litigated in numerous prior proceedings. McCool moved

for reconsideration but, by order entered March 18, 2015, the District Court denied relief. McCool did not appeal.

C.

In May 2020, McCool returned to the District Court and filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6) and Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), to "resurrect" his 2011 civil rights action. In the motion, McCool stated that the "crux" of both his underlying civil rights action and his motion to resurrect is that "the 'sham prosecutions' [in Snyder and Northumberland Counties] violated the Double Jeopardy Clause because he had already been absolved of the crimes those 'sham prosecutions' were based on." Mot. ¶ 11, ECF No. 42. McCool further stated that this fraud upon the court "caus[ed] the poisoning of not only the minds of District Judge Brann and Magistrate Mehalchick[1] who contributed to the material misrepresentations of the facts and the law . . . but [of] every other court for which its judges were improperly influenced since 1998." Id. ¶ 12.

The District Court denied the motion. The court first determined that, to the extent that McCool relied on Rule 60(b)(6), the motion was untimely because he had not filed it "within a reasonable time" of the 2014 dismissal order, as required by Rule 60(c). Second, the District Court determined that McCool's allegations of fraud did not warrant

---

[1] District Judge Matthew Brann and Magistrate Judge Karoline Mehalchick presided over McCool's 2014 civil action requesting that his Snyder County convictions be vacated, McCool v. Commonwealth, M.D. Pa. Civ. No. 4:14-cv-00082.

4

reopening under Hazel-Atlas because the alleged fraud took place in his state-court proceedings, not in the underlying civil rights action. McCool timely appealed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's denial of relief under Rule 60(b) for an abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

Upon review, we perceive no error and will affirm for substantially the reasons stated by the District Court. We need not repeat its reasoning here. To the extent that McCool's motion can be read to allege that prosecutors in the defendant Counties committed fraud on the District Court in the underlying civil rights action by misrepresenting the status of his criminal convictions, the motion is untimely under Rule 60(b)(3) and (b)(6). See Fed. R. Civ. P. 60(b)(c)( "A motion under Rule 60(b) must be made within a reasonable time—and for reason[] . . . (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

Even if the District Court retains, beyond the time limits of Rule 60(b), an "inherent power to vacate its own judgments when they have been procured by fraud," see United States v. Washington, 549 F.3d 905, 912 (3d Cir. 2008) (describing the theory behind the Hazel-Atlas doctrine), McCool did not meet his heavy burden to show a fraud on the District Court. See Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005) (stating that, to establish fraud on the court, a litigant must show, by "clear, unequivocal and convincing evidence," that there was "(a) an intentional fraud; (2) by an officer of the

5

court; (3) which [was] directed at the court itself; and (4) in fact deceive[d] the court"). We have considered McCool's arguments on appeal and conclude that he has failed to show that the District Court erred in denying his motion.

III.

Accordingly, we will affirm the District Court's judgment.